# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JODY MOREHOUSE,

        Petitioner,

    v.

WARDEN,

        Respondent.

Case No. 1:25-cv-0670 KES SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION TO STAY, DIRECTING THE CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

(Docs. 20, 30)

Jody Morehouse is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the following grounds: (1) he received a sentence based on aggravating factors that were not found by the sentencing judge rather than a jury, (2) ineffective assistance of counsel by trial counsel, and (3) ineffective assistance by appellate counsel. *See generally* Doc. 12.

The magistrate judge observed that "the sentencing court found that Petitioner suffered a prior conviction within the meaning of the Three Strikes Law and suffered a prior serious felony conviction and served two prior prison terms," and as a result "the sentencing court could sentence Petitioner to the upper term without the prior conviction having 'been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.'" Doc. 30 at 10, quoting Cal. Penal Code § 1170(b)(2). To the extent Petitioner asserts the sentencing court failed to

1

comply with certain statutory requirements of the California Penal Code, the magistrate judge found the asserted error of state law "does not state a claim for federal habeas relief." *Id.* (citing *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)).  Thus, the magistrate judge found Petitioner was not entitled to habeas relief on ground one in his petition.  *Id.* at 10-11.

Addressing the second ground for relief, related to ineffective assistance of trial counsel, the magistrate judge found "the state court's rejection of Petitioner's ineffective assistance of trial counsel claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact."  Doc. 30 at 15; *see also id.* at 11-15.  Consequently, the magistrate judge found Petitioner is "not entitled to habeas relief for ineffective assistance of trial counsel."  *Id.*

Finally, the magistrate judge noted that it was undisputed that "Petitioner's ineffective assistance of appellate counsel claim is unexhausted."  Doc. 30 at 16.  The magistrate judge acknowledged Petitioner moved for a stay to exhaust state remedies.  *See* Doc. 20.  However, the magistrate judge observed that "the Court may deny an unexhausted claim on the merits 'when it is perfectly clear that the [petitioner] does not raise even a colorable federal claim.'"  Doc. 30 at 16 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)).  The magistrate judge found it was "perfectly clear" that Petitioner did not have a colorable claim for ineffective assistance of appellate counsel because the record showed—contrary to Petitioner's assertions—that appellant counsel raised "a claim of ineffective assistance of trial counsel for failing to object to the upper-term sentence" on appeal, as well as a challenge to the term of the sentence imposed.  *Id.* at 16-17.  The magistrate judge recommended the court deny the motion to stay for purpose of exhaustion and deny the third ground for relief on the merits.  *Id.* at 17.

The court served the findings and recommendations on all parties and notified them that any objections were due within 30 days.  Doc. 30 at 17.  Respondent did not file any objections.  After receiving an extension of time, Petitioner filed a response indicating that he was "unable to litigate on [his] own behalf" while awaiting a surgical procedure.  Doc. 33 at 1.  He stated he was "forced to agree with the court[']s finding and recommendation for denial of [his] petition for writ of habeas corpus" and the denial of his motion to stay.  *Id.*  Petitioner did not otherwise address

2

the findings of the magistrate judge.

Pursuant to 28 U.S.C. § 636(b)(1), the court performed a de novo review of the case. Having carefully reviewed the matter, the court concludes the findings and recommendations are supported by the record and proper analysis.

The court finds a certificate of appealability should not issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, reasonable jurists would not find the determination that the petition should be denied debatable or wrong, or that Petitioner should be allowed to proceed further. Thus, the court **ORDERS**:

1. The Findings and Recommendations issued on August 7, 2025 (Doc. 30) are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **DENIED**.

3. Petitioner's motion to stay (Doc. 20) is **DENIED**.

4. The Clerk of Court is directed to close the case.

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    February 19, 2026

_____
UNITED STATES DISTRICT JUDGE

3